ALBRIGHT, Respondent, vs. ALBRIGHT and another, Appellants.

*December 11, 1912—January 7, 1913.*

*Replevin: Ownership of property on farm: Estoppel: Evidence: Sufficiency: Competency: Cross-examination of party: Harmless errors.*

1. A farm and the personal property thereon were conveyed to plaintiff by his parents in 1886. In 1893, after his father's death, he reconveyed the farm, but not the personalty, to his mother, and thereafter for many years she and the plaintiff and the defendants, his two brothers, lived together as one family on the farm. During that time the personal property was gradually replaced by other property until a complete change had taken place. After the mother's death in 1911, defendants claimed to own the personal property by virtue of a transfer from her. There was no formal transfer and no evidence that they had paid anything for the property, but there was evidence that she had said she had given it to them. In replevin the above facts, together with evidence tending to show that the present property consists of the natural increase of the live stock and new stock and farm implements purchased by plaintiff with money earned by himself, are *held* to sustain a verdict for plaintiff.

2. Unless defendants paid something for the property, or changed their position to their substantial prejudice in reliance upon

their mother's apparent ownership, plaintiff was not estopped from claiming title because he had permitted his mother to deal with it as if she owned it.

3. Although the cross-examination of plaintiff in such action was somewhat narrowly restricted by exclusion of questions as to claims filed by him against his mother's estate, as to whether he knew the provisions of her will, and as to a previous action of replevin brought against his brothers, yet, it not appearing that such matters would have thrown any light upon the issues, the error, if any, was not prejudicial.

4. Evidence in such case that plaintiff had bought goods and other property for use on the farm, paying for them with his own money, was admissible as tending to throw light on the question of ownership.

APPEAL from a judgment of the circuit court for Kewaunee county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an appeal from a judgment, based upon the verdict of a jury, in an action of replevin; by which judgment certain live stock and farm machinery of the value of $900 were adjudged to be plaintiff's property and the plaintiff was also adjudged to recover $200 damages for the detention of the property. The parties to the action are brothers, the plaintiff's age being forty-seven and the defendants' thirty-nine and thirty years respectively, and all are unmarried. The family lived on a forty-acre farm in 1886, when the father and mother (Fred and Fredricka Albright) deeded the farm to the plaintiff, together with all the personal property on the premises at the time, in consideration of an agreement to support both the grantors during their lives and to pay $200 in addition. The plaintiff worked the farm with occasional absences, when he worked elsewhere, up to 1892, at which time the father died. After the father's death some difficulties seem to have occurred, and in 1893 the plaintiff deeded the forty acres back to his mother, but did not convey the personal property on the farm. From 1886 up to 1910 (when the plaintiff had some difficulties with his brothers and went away) the parties lived together as a common family upon the forty acres and did the work upon the farm. The plaintiff

and the defendant *Amel* were frequently absent for months at a time working for others, in the pineries in winter and upon neighboring farms in summer, but *August,* the youngest, was at home nearly all the time even after he became an adult. The mother was regarded apparently as the head of affairs, and generally the money received from the sale of farm products was turned over to her.   The plaintiff testified, however, that he always claimed to own the machinery and live stock upon the farm, that he brought his outside earnings home with him, and either invested those earnings in machinery and stock at once or turned them over to his mother as custodian to be used for such purposes in the future.   Thus he claims that the machinery and live stock on the farm, though not the same now as in 1886, have always remained his.   The mother purchased an additional forty acres of land in 1906 and died in February, 1911.   About two years before her death she deeded the original forty acres to *Amel* and the second forty to *August, Amel* giving his mother a mortgage for $1,000 on his forty.   At the time these deeds were made the scrivener asked her how it was about the personal property, and she said, "I have given the personal property to *Amel* and *August."*   No formal transfer of title to the personal property was ever made.   The defendants claim title to the personal property by virtue of this transfer from their mother, the plaintiff by virtue of the deed of 1886.

For the appellants the cause was submitted on the brief of *O. H. Bruemmer.*

For the respondent there was a brief by *W. A. Cowell,* attorney, and *Kaftan & Reynolds,* of counsel, and oral argument by *John W. Reynolds.*

Winslow, C. J.   The great difficulty in settling the title to the personal property in litigation here arises from the fact that the parties themselves doubtless had a very hazy and uncertain idea as to their own titles.   For many years

they lived as a family, holding things more or less in common and evidently not drawing property lines very carefully. It is shown without dispute that the plaintiff had a sufficient conveyance of all the property on the farm in 1886, that he never made any oral or written transfer of the same to any one, that the original property has been gradually replaced by other property until a complete change has taken place. These facts are certain. The plaintiff's testimony tends to show, in addition to this, that the present property consists of the natural increase of the live stock, together with new stock and farm implements earned by his own labor or purchased with money earned by himself, and hence that he still owns the same. There is testimony tending to contradict these latter claims, but we are unable to say that the jury's conclusion has no substantial, credible evidence in its support, and hence we cannot disturb the verdict upon the facts. It is said that the evidence tended to show that the plaintiff is estopped from now claiming title to the property because he knowingly permitted his mother to deal with the property as though she owned it, and that relying on such apparent ownership the defendants purchased the same from her. The fundamental difficulty with this proposition is that there is no evidence in the case anywhere which tends to show that the defendants paid anything for the property in question when they received it from their mother. The only evidence on the subject is that she stated that she had given it to them. Unless they paid something for it, or changed their position to their substantial prejudice, relying upon their mother's apparent ownership, they cannot claim the benefit of the equitable doctrine of estoppel.

A number of detail errors are assigned, the more important of which will be noticed.

1. The plaintiff filed claims against his mother's estate in the county court of Kewaunee county, and upon the plaintiff's cross-examination in the present case the defendants were al-

lowed to prove this fact, but so far as the details of the claims were concerned were only allowed to inquire whether the charges for labor contained in the claims included labor in caring for the stock after he deeded the farm back to his mother. The witness was then allowed to state that his claim so filed included one item of $1,200 for labor and services from 1893 to 1903, and another item of $900 for labor and services from 1903 to 1910, but that no part of this labor so charged for was for taking care of the stock. Subsequently he was asked whether he had not also filed a claim for $200 for money advanced to his mother, and objection to this question was sustained. It is now claimed that the court should have allowed a full and complete cross-examination as to all items of the claim filed in the county court. The ruling seems somewhat restricted, especially in view of the fact that the party himself was under cross-examination. We think the questions might properly have been allowed; but error must be affirmatively shown, and it does not appear by inference or by statement of counsel that any of the items of the claims filed would have cast any light upon the justice of the plaintiff's claim in this action, hence the ruling cannot be considered prejudicial in any event.

2. The defendants also sought to show upon cross-examination of the plaintiff that he had brought an action of replevin against his brothers for property not involved in this action sometime previous to the bringing of this action, but an objection to the testimony was sustained. The same ruling was made when the defendants' counsel asked the plaintiff if he knew what the provisions of his mother's will were. Here again it might well be that the court in its discretion might allow the questions to be answered, especially as the witness was the party to the litigation, but, on the other hand, it does not appear that either fact would be material to the issues in the present controversy, and hence there was no error in the rulings.

3. Plaintiff was allowed against objection to show that he

purchased goods and other property for use on the farm in his own name and paid for them himself from his own money, and error is now assigned on this ruling.   Probably it was not very persuasive, but in view of the difficulty of proving where the title of this property was on account of the community life which the parties had led, it seems that it tended legitimately to throw light on the question of ownership. If the plaintiff regularly bought and paid for supplies for the farm from his own money, that fact would have a legitimate tendency to show that he had and claimed the interest of a proprietor there and was not a mere employee.

There are no other contentions made which deserve special treatment.   We find no prejudicial error in the case.

*By the Court.*—Judgment affirmed.